**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-60146-BLOOM**

YASEEN ABDUL-WAHHAB,

    Movant.

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Movant Yaseen Abdul-Wahhab's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. [1], filed January 23, 2020. The Government filed a Response, ECF No. [6], on March 3, 2020.[1] Movant, although permitted to do so, did not file a Reply. The Court has carefully considered the parties' submissions, the record in the case, the applicable law, and is duly advised. For the following reasons, the motion is denied.

**I.    BACKGROUND**

On July 28, 2016, Movant Yaseen Abdul-Wahhab was charged in a two-count Indictment, CR ECF No. [15],[2] with importation of cocaine, in violation of 21 U.S.C. § 952(a) (Count I); and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. section 2.

---

[1] The Government attached to its Response the brief of appellant, ECF No. [6-1], filed in the Eleventh Circuit Court of Appeals in Case No. 17-14547.

[2] Citations to the criminal docket, 16-CR-60201, are denoted with "CR ECF No."

On January 20, 2017, Movant pleaded guilty to Count I of the Indictment. CR ECF No. [93]. Attorney Paul Petruzzi represented the Movant at that hearing wherein, after being placed under oath, a full plea colloquy was conducted. CR ECF No. [94]. Movant also signed a Stipulated Factual Proffer for Guilty Plea, CR ECF No. [95], Movant's plea of guilty was accepted and a sentencing date was set.

On April 24, 2017, Movant mailed to the Clerk of Court a Motion to Withdraw his Guilty Plea and to Discharge Counsel ("Motion to Withdraw"). CR ECF No. [109]. At the scheduled sentencing hearing, Movant handed his original Motion to Withdraw to his attorney and, following a discussion with the Court, sentencing was thereafter deferred until the disposition of the Motion to Withdraw. ECF No. [110]. The Court directed Mr. Petruzzi to file Movant's Motion to Withdraw. *See* CR ECF Nos. [111], [112].

On May 2, 2017, the Court held a hearing on the Motion to Withdraw, addressing Movant's request to have Mr. Petruzzi discharged as his attorney. That portion of the Motion to Withdraw was granted and the Court appointed attorney Khurrum B. Wahid as Movant's counsel. CR ECF No. [114]. On August 21, 2017, following an evidentiary hearing during which Movant and other witnesses testified, the Court denied the Motion to Withdraw directed to the withdrawal of Movant's guilty plea. CR ECF Nos. [158], [159].

On September 28, 2017, Movant appeared at his sentencing hearing. *See* CR ECF No. [160]. The Government requested a level-two sentencing enhancement, which the Court deemed appropriate, due to false statements made by Movant under oath during the hearing on his Motion to Withdraw. *See id*. 11:10–21. The Court sentenced Movant within the advisory guideline range to 145 months' imprisonment on Count I, followed by three-year term of supervised release. *See id.* 31:22–25.

Through Mr. Wahid, Movant filed a notice of appeal. CR ECF No. [153]. Mr. Wahid filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). ECF No. 6-1. The Eleventh Circuit affirmed Movant's conviction and sentence, finding "no arguable issues of merit." CR ECF No. [164] at 4.

In the Motion now before the Court, Movant raises the following claims, construed liberally pursuant to *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972): (1) Counsel was ineffective with respect to the filing of Movant's *pro se* Motion to Withdraw; (2) the Court lacked jurisdiction to hear the Motion to Withdraw; (3) Counsel was ineffective at the plea withdrawal and sentencing stages of the Movant's case, and failed to perfect a direct appeal; and (4) the Court lacks jurisdiction over the Movant's offense of conviction. *See generally* ECF No. [1].

## II.   STANDARD OF REVIEW

A prisoner is entitled to relief under section 2255 if his or her sentence (1) violates the Constitution or laws of the United States, (2) was not within the Court's jurisdiction to impose, (3) exceeds the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States,* 657 F.3d 1190, 1194 (11th Cir. 2011). Thus, relief under section 2255 is reserved for violations of constitutional rights, and "for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). If a court finds a claim under section 2255 valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner, grant a new trial, or correct the sentence." 28 U.S.C. § 2255. Movant bears the burden of proof. *See Beeman v. United States,* 871 F.3d 1215, 1221–1222 (11th Cir. 2017).

**A. Ineffective Assistance of Counsel Standard**

To establish a claim of ineffective assistance of counsel, a movant must demonstrate both: (1) his counsel's conduct amounted to constitutionally deficient performance, and (2) counsel's deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Martin v. United States*, 949 F.3d 662, 667 (11th Cir. 2020). In determining whether Movant has satisfied the first requirement — deficient performance — the Court adheres to the standard of "reasonably effective assistance." *Weeks v. Jones,* 26 F.3d 1030, 1036 (11th Cir. 1994) (citing *Strickland*, 466 U.S. at 688). Movant must show counsel's performance fell outside the "wide range of professionally competent assistance." *Scott v. United States*, 890 F.3d 1239, 1258 (11th Cir. 2018) (quoting *Payne v. Allen*, 539 F.3d 1297, 1315 (11th Cir. 2008)); *see also Brewster v. Hetzel*, 913 F.3d 1042, 1056 (11th Cir. 2019) ("The standard for effective assistance of counsel is reasonableness, not perfection." (citations omitted)). To satisfy the second requirement — that counsel's deficient performance prejudiced the defense — Movant must show a reasonable probability that, "but for counsel's error, the result of the proceeding would have been different." *Martin*, 949 F.3d at 667 (citing *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)). Movant has the burden of proof on his ineffectiveness claim, *Holsey v. Warden*, 694 F.3d 1230, 1256 (11th Cir. 2012) (citation omitted), as well as the burden of proof under § 2255, *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (citing cases).

The Court considers the totality of the evidence when considering Movant's ineffective-assistance claim. *See Strickland*, 466 U.S. at 695. Because both aspects of the analysis — deficient performance and prejudice — are necessary for Movant to prevail, "there is no reason for a court . . . to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

### B. Cause and Prejudice Standard

If a defendant does not raise a claim upon direct appeal, the claim is subject to the procedural default rule. *See Massaro v. United States,* 538 U.S. 500, 504 (2003). To overcome procedural default, Movant must satisfy the "cause and prejudice" standard, which requires a showing that (1) "some objective factor external to the defense" impeded Movant's efforts to raise the issue earlier, and (2) the error Movant alleges worked to his "*actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *id.* at 166 (affirming the "well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." (footnote call number omitted)).

## III. DISCUSSION

The Court first addresses Movant's claims premised on ineffective assistance of counsel and then turns to his jurisdictional claims.

### A. Ineffective Assistance of Counsel Claims One and Three

In Claim One, Movant alleges his counsel was ineffective "during the plea withdrawal motion[,]" CR ECF No. [1], claiming his initial counsel, Mr. Petruzzi, "erred in filing [the] pro se motion to withdraw plea, albeit, pursuant to court order." *Id.* 5. Movant makes reference to an alleged "conflict of interest regarding his representation" and states "Petruzzi should have sought to withdraw as counsel, instead of filing a pro se motion on behalf of Defendant." *Id.*

Because this claim is conclusory and lacks supporting factual allegations, it is insufficient for relief under § 2255 or *Strickland*. *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (section 2255 movant's allegations must satisfy the "heightened pleading requirement[s]" under Rule 2 of the Federal Rules Governing § 2255 Proceedings); *Wilson v. United States*, 962 F.2d

5

996, 998 (11th Cir. 1992) (per curiam) ("Conclusory allegations of ineffective assistance are insufficient." (citation omitted)); *see also Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) (conclusory allegations supporting § 2255 claim do not warrant an evidentiary hearing (collecting cases)). "Although [the court must] construe pro se petitions liberally, [it] will not infer a claim out of thin air." *See Landers v. Warden, Atty. Gen. of Ala.*, 776 F.3d 1288, 1296 (11th Cir. 2015) (citation omitted); *see also Golfin v. Sec'y For Dep't of Corr.*, No. 07-11049, 2008 WL 1838654, at *1 (11th Cir. Apr. 25, 2008) (stating that, while courts "liberally construe the pleadings of a *pro se* petitioner," they "will not act as *de facto* counsel for a *pro se* litigant" (citations omitted)).

However, even considering the claim on the merits, the most obvious reason Movant's claim fails is that counsel was *directed* to file the Motion to Withdraw after Movant advised the Court that he wanted to withdraw his guilty plea and was not satisfied with his attorney. *See* CR ECF No. [111]. The Court cannot conclude counsel was ineffective in following the Court's order and by seeking the relief Movant desired. Moreover, Movant points to no record evidence supporting the alleged "conflict of interest," and the record does not reflect a conflict existed.

Regarding Claim Three, Movant alleges that he received ineffective assistance of counsel at his plea withdrawal and sentencing hearings and that Mr. Wahid "failed to perfect appeal" CR ECF No. [1] at 8–9. In support, Movant makes three contentions: (1) Wahid should have argued that the court should not have accepted Mr. Petruzzi's notice of filing of his *pro se* motion to withdraw guilty plea; (2) Wahid failed to object to the Government's untimely objections to the PSI; and (3) after filing an *Anders* brief, Mr. Wahid did not adequately advise movant about how to proceed on appeal. *Id.* at 9.

Movant's argument that Mr. Wahid should have argued against the Court accepting the *pro se* Motion to Withdraw fails for the same reason as Movant's first claim. Any objection by Mr. Wahid to Mr. Petruzzi filing the Motion to Withdraw would have been overruled. *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1297 (11th Cir. 2017) ("[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief." (collecting cases)).

Movant next argues that Mr. Wahid provided deficient assistance when he failed to object to the Government's untimely objections to the PSI. *See* ECF No. [1]. 9. This argument is without merit. As noted by the Government, it "first filed objections to the PSI on July 19, 2017," *after* Movant filed the Motion to Withdraw and "two days before the hearing" on the same. ECF No. [6] 14. The record sufficiently supports that, in moving to withdraw his guilty plea, Movant denied facts whose truth he had previously admitted under oath during his plea colloquy. *See* PSI ¶ 17; CR ECF No. [159] at 44-51; CR ECF No. [160] at 12. Because the Government's objections were premised on the information in the Motion to Withdraw, it was proper for the Government to submit PSI objections following the filing of the Motion to Withdraw and the hearing on the same. Assuming *arguendo* that the objections were untimely, the Court could have--and most likely would have--exercised its discretion to consider them. *See United States v. Young*, 767 F. App'x 766, 771 (11th Cir. 2019). Here, Movant was afforded ample opportunity to respond to the Government's arguments and did so.

Finally, Movant asserts Mr. Wahid was ineffective during the appeals process, because he did not inform Movant of the opportunity to supplement his *Anders* brief. *See* CR ECF No. [1] at 12. Movant's claim is belied by counsel's certification in the *Anders* brief stating counsel forwarded the brief to Movant along with a "letter advising him of his right to supplement" the

same. ECF No. [6-1] 43. More importantly, Movant has not claimed any errors by the Court which could be pursued in a supplemental brief. *See* ECF No. [1] at 12. Furthermore, in affirming Movant's conviction, the Eleventh Circuit found that its "independent review of the entire record reveal[ed] that [Mr. Wahid's] assessment of the relative merit of the appeal [was] correct." CR ECF No. 164 at 4] Therefore, even if Mr. Wahid failed to notify Movant of his right to file a supplemental brief, Movant cannot show a reasonable likelihood of a more favorable outcome on appeal. *See Ferrell v. Hall*, 640 F.3d 1199, 1236 (11th Cir. 2011) (to prove prejudice, movant alleging appellate ineffectiveness must show that "the outcome of the appeal would have been different" (citations omitted)).

For these reasons, Claims One and Three lack merit.

**B.     Jurisdictional Claims Two and Four**

In Claim Two, Movant argues the Court lacked jurisdiction to hear the Motion to Withdraw. Specifically, Movant claims that because he was represented by counsel at the time his *pro se* motion was filed, the Court lacked jurisdiction to hear the claim, stating his "*pro se* filing should not have been accepted without adequate waiver of constitutional right to counsel." *See* CR ECF No. [1] at 7. Movant provides no case law supporting his argument and, notably, did not object to the Court's instruction that Mr. Petruzzi file the Motion to Withdraw in the first instance. Moreover, Movant was an active participant in the hearing on the Motion to Withdraw. After the Court denied the Motion to Withdraw, Movant requested the Court reconsider its decision, further indicating that Movant had no objection to the Court's jurisdiction. CR ECF No. [112].

Movant also alleges the "adverse position taken by the Assistant United States Attorney and the vindictive untimely objections to the PSR" subjected Movant to a harsher sentence. CR ECF No. [1] at 7. True, Movant did not receive a reduction for acceptance of responsibility, and

the Court imposed a two-point enhancement for obstruction of justice. PSI ¶¶ 17, 20. However, as previously addressed, this was due to Movant denying facts that he had previously admitted under oath during his plea colloquy. *See* PSI ¶ 17; CR ECF No. [159] at 44-51; CR ECF No. [160] at 12. Critically, the Claim is without merit and is otherwise not a jurisdictional claim.

In Claim Four**,** Movant argues the Court "lacked Federal Criminal Jurisdiction" to hear the underlying case against him.  *See* ECF No. [1] at 12–13. In support, he alleges that the Government did not prove that he knowingly imported cocaine into the United States, which he contends is necessary to be prosecuted under 21 U.S.C. § 952(a). *Id.* at 12. He also appears to allege that the Government could not prosecute him under § 952(a) because "Florida state drug law" allegedly preempted it. *See id.* at 12-13.

Movant's jurisdictional claim lacks merit. "In order to sustain a conviction for importation of a controlled substance, the Government must show that the defendant (1) knowingly imported into the United States (2) from any place outside the United States (3) any controlled substance or narcotic." *United States v. Gayle*, 406 F. App'x 352, 360 (11th Cir. 2010) (per curiam) (citations omitted).

Consistent with that standard, the Indictment charged Movant with "knowingly and intentionally import[ing] into the United States, from a place outside thereof, a controlled substance . . . containing a detectable amount of cocaine." CR ECF No. 15 at 1-2. In his factual proffer, Movant admitted that he arrived in the United States from Trinidad and Tobago with suitcases containing cocaine that he admitted belonged to him and that contained abnormalities consistent with the concealment of cocaine. *See* CR ECF No. [95]. Movant further admitted that he committed these facts "knowingly, willfully, and voluntarily." [*Id.* at 1]. Likewise, the Government set forth the factual basis for the plea in open court; Movant agreed that those facts,

9

as well as the facts in the proffer, were true. CR ECF No. [112] at 33-38. Mr. Petruzzi acknowledged that those facts would meet the Government's "burden of proving all the elements of the offense of importation of cocaine[,]" *id.* at 39, and the Court found that Movant's plea was "supported by an independent basis in fact that [] contain[ed] each of the essential elements of the offense," *id.* at 40. Thus, the Government presented sufficient evidence to support the § 952(a) charge. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [] a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.").

Movant's contention regarding state law preemption is conclusory and, hence, insufficient for § 2255 relief. Moreover, any notion that the Government lacked subject matter jurisdiction to prosecute Movant for violating § 952(a) is frivolous. *See United States v. Grimon*, 923 F.3d 1302, 1305 (11th Cir. 2019) ("[I]f an indictment itself alleges a violation of a valid federal statute, the district court has subject matter jurisdiction of that case.").

The Indictment, CR ECF No. [15], accused Movant of committing an offense against the United States. Federal district courts have original jurisdiction over "all offenses against the laws of the United States." *Grimon*, 923 F.3d at 1305.

For these reasons, Claim Four lacks merit.

### C.     Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180, 183, 129 S.Ct. 1481, 173 L.Ed.2d 347 (2009). The Court issues a certificate of appealability only where the movant

makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When a district court rejects a movant's constitutional claims on the merits, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Where the district court rejects a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record as a whole, the Court denies a certificate of appealability.

### IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

1. The Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, **ECF No. [1]**, is **DENIED**;

2. No certificate of appealability issue; and;

3. The Clerk of Court shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida on August 4, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Yaseen Abdul-Wahhab
13409-104
Yazoo City Low
Federal Correctional Institution
Inmate Mail/Parcels

Case No. 20-cv-60146-BLOOM

Post Office Box 5000
Yazoo City, MS 39194