UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-60146-BLOOM/Reid

YASEEN ABDUL-WAHHAB,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff Yaseen Abdul-Wahhab's *pro se* Motion for Reconsideration/Reinstatement, ECF No. [11] ("Motion"). The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised.

On January 22, 2020, Plaintiff filed a motion to vacate pursuant to 28 U.S.C. § 2255, ECF No. [1]. The Government filed a response in opposition on March 3, 2020, ECF No. [6] ("Response"). Pursuant to Magistrate Judge Reid's January 27, 2020 Order to Show Cause, ECF No. [5], a reply to the Response must be filed within thirty days of the Response being docketed. Accordingly, a reply to the Response was due by April 2, 2020. The Order to Show Cause directed that if a reply is not filed within the timeframe provided, "the Court will deem the matter submitted and will not consider any untimely reply." *Id.* at 2-3.

On March 30, 2020, Plaintiff filed a motion requesting a sixty-day extension of time to file a reply, explaining that he received the Response on March 4, 2020 and stating that FCC Yazoo City Low is in lockdown due to the pandemic and that access to the law library is restricted. ECF No. [7]. That same day, Magistrate Reid entered an Order extending Plaintiff's reply deadline to

May 1, 2020. ECF No. [8]. Magistrate Reid cautioned that "the reply must be received by the Court and docketed by May 1, 2020 as specified in the order to show cause." ECF No. [9]. On August 4, 2020, the Court entered an Order denying Plaintiff's motion to vacate, ECF No. [10] ("Order"). In the Order, the Court noted that although Plaintiff was permitted to file a reply brief, he did not do so. *Id.* at 1.

Plaintiff now moves for reconsideration because, although he intended to file a reply brief in support of his motion, he has been "unable" to do so because of restricted access to the law library. ECF No. [11] at 1-2. In support, he attaches a document dated May 15, 2020 titled "Notice to the Court of Movant's Denial of Access to the Court by BOP due to COVID-19 Pandemic," *id.* at 10-11 ("Notice"), representing that access to the law library at FCC Yazoo City has been restricted as of March 30, 2020. According to Plaintiff, the Court should "re[s]cind" the Order, grant the instant Motion, reinstate the motion to vacate, and stay the matter until he has regular access to the law library. The Court declines the invitation.

"Reconsideration is granted only in extraordinary circumstances and is committed to the sound discretion of the district judge." *Reiseck v. Universal Commc'ns of Miami, Inc.*, 141 F. Supp. 3d 1295, 1301 (S.D. Fla. 2015) (internal quotation marks and citations omitted). "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (alteration added; citations omitted). "A motion for reconsideration is not an opportunity for the moving party and their [sic] counsel to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). It is "an improper use of[ ] the motion to

reconsider to ask the Court to rethink what the Court . . . already thought through — rightly or wrongly[.]" *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted; first and last alterations added). Ultimately, motions for reconsideration are considered an "extraordinary remedy" for which the district court is granted substantial discretion. *See Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *Burger King Corp.*, 181 F. Supp. 2d at 1369–70 (citing *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985) ("District court decisions on motions for reconsideration are reviewed for abuse of discretion, thus affording the courts with substantial discretion in their rulings.").

Here, the Court does not find a reason to grant this "extraordinary remedy" of reconsidering the Order and reversing the ruling on the motion to vacate until Plaintiff files a reply to the Government's Response. As an initial matter, while a movant may file a reply brief within the time constraints fixed by the Court, *see* Rule 5(d), Rules Governing Section 2255 Proceedings, Plaintiff cites no authority that requires a Court to consider a reply brief before ruling on a motion. Plaintiff's reply was originally due by April 2, 2020, yet he received an extension to file his brief by May 1, 2020. In doing so, the Court was apprised of the law library restrictions at FCC Yazoo City. *See* ECF No. [7]. Thus, Plaintiff fails to present new evidence or new grounds for the Court to consider. Moreover, contrary to Plaintiff's characterization in his Motion, his Notice was not filed with the Court (as it is not reflected on the docket), and in any event, would be belated because it is dated May 15, 2020, two weeks after the filing/docketing deadline. Moreover, there is no "manifest injustice" because Plaintiff did not seek a further extension of time before May 1, 2020 even though he claims that he was unable to file his reply in a timely fashion. Finally, and notably,

Case No. 19-cv-62747-BLOOM/Reid

Movant fails to show how the Court's analysis would in any way be altered if he had filed a reply. He makes no argument nor presents evidence showing that the Order is deficient, nor does he refer to the points he would address in a proposed reply. Therefore, the Motion lacks merit and the Court does not find a basis to revisit its Order.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [11]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 25, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Yaseen Abdul-Wahhab
13409-104
Yazoo City Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 5000
Yazoo City, MS 39194